United States District Court
Southern District of Texas
**ENTERED**
July 08, 2016
David J. Bradley, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| **CINDY VIANNEY HERNANDEZ-LIZARRAGA,** | § |
| **Petitioner,** | § |
| | § |
| **v.** | § **Civil Action No. 1:16-127** |
| | § **Criminal No. 1:14-492-1** |
| **UNITED STATES OF AMERICA,** | § |
| **Respondent.** | § |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 13, 2016, Petitioner Cindy Vianney Hernandez-Lizarraga ("Hernandez-Lizarraga") filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Hernandez-Lizarraga's motion be **DENIED** because Hernandez-Lizarraga waived her right to file this petition. Furthermore, her claims are legally and substantively meritless.

## I. Procedural and Factual Background

On July 1, 2014, Hernandez-Lizarraga was charged by a federal grand jury – sitting in Brownsville, Texas, – in a two count indictment, with: (1) conspiracy to possess with intent to distribute a quantity of more than 500 grams of cocaine; and (2) possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. . U.S. v. Cindy Vianney Hernandez-Lizarraga, Criminal No. 1:14-492-1, Dkt. No. 8 (hereinafter "CR").

### A. Rearraignment & Waiver of Appellate Rights

On September 3, 2014, Hernandez-Lizarraga entered a guilty plea before the District Judge to Count Two – possession with intent to distribute more than (500) grams of cocaine

1

– pursuant to a written plea agreement. CR Dkt. No. 17, p. 1.  As part of the plea agreement, Count One was to be dismissed. CR Dkt. No. 17, p. 2.

Hernandez-Lizarraga's written plea agreement indicates that she knowingly and voluntarily waived her appellate rights. CR Dkt. No. 17, ¶ 11.

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed.  The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined.  Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.  If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 17, ¶ 11.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Hernandez-Lizarraga was assessed a base offense level of 30 for possession with intent to distribute approximately 6.46 kilograms of cocaine. CR Dkt. No. 20, p. 6.  Hernandez-Lizarraga's received a two-level reduction for safety valve and a three-level reduction for acceptance of responsibility. Id., p. 7.  Thus, Hernandez-Lizarraga was assessed a total offense level of 25.

Hernandez-Lizarraga did not have any prior convictions and thus had a criminal history category of I. CR Dkt. No. 20, p. 7.  Based upon Hernandez-Lizarraga's offense level of 25 and criminal history category I, the presentence report identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 10.

 On January 21, 2015, at the sentence hearing, the District Court accepted the government's and defense counsel's stipulations and limited the relevant conduct to 4.99 kilograms of cocaine. CR Dkt. No. 28.  This resulted in a base offense level of 28, reducing

Hernandez-Lizarraga's offense level to 23.  An offense level of 23 and a criminal history category of I resulted in a guideline sentencing range of 46 to 57 months.

The Government moved for a downward departure based on Hernandez-Lizarraga providing substantial assistance, which the Court granted. CR Dkt. No. 26.  The Court imposed a sentence of 36 months imprisonment, with a three year term of supervised released – without supervision – and a $100 special assessment fee, which was remitted. CR Dkt. No. 27. The judgment was entered on February 9, 2015, Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Hernandez-Lizarraga's deadline for filing a notice of appeal passed on February 23, 2015. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 13, 2016, Hernandez-Lizarraga timely[1] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1.  In her motion, Hernandez-Lizarraga asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

---

[1] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which it initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Hernandez-Lizarraga filed her appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

## II. Applicable Law

### A. Section 2255

Hernandez-Lizarraga seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Hernandez-Lizarraga's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404

4

U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Hernandez-Lizarraga's claim.

A. **Waiver of Appellate Rights**

Hernandez-Lizarraga waived her right to appeal or collaterally attack her sentence when she entered into the plea agreement with the United States. This waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).[2]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Hernandez-Lizarraga knowingly and voluntarily waived her appellate rights. Hernandez-Lizarraga's plea agreement expressly states that she was aware of her right to directly appeal her sentence pursuant to 18 U.S.C. § 3742, and her right to collaterally attack her conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 17.  That same paragraph also indicates that Hernandez-Lizarraga agreed to waive those rights.

Hernandez-Lizarraga has not provided any evidence to indicated that she was unaware of or misunderstood any of the terms within the plea agreement, or evidence to indicate that she pled guilty involuntarily.  Consequently, the record establishes, without a doubt, that Hernandez-Lizarraga's waiver was knowingly and voluntarily made.

Moreover, Hernandez-Lizarraga's waiver clearly applies to this case, because she is attempting to collaterally attack her conviction and sentence pursuant to 28 U.S.C. § 2255,

_____

[2] While the Court has not required the United States to reply to Hernandez-Lizarraga's petition, the Court "is entitled to conclude that the government wishes what is bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007).  Even if Hernandez-Lizarraga had not waived her appellate rights, the result would be no different, as her claims are substantively meritless.

an avenue expressly foreclosed by her plea agreement. Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

### B. Johnson is Inapplicable

Even if Hernandez-Lizarraga had not waived her right to collaterally attack her conviction, her petition is meritless. Hernandez-Lizarraga asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551(2015). For the reasons discussed below, Johnson does not apply to Hernandez-Lizarraga's case, because she was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA. The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more earlier convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Hernandez-Lizarraga, none of it applies to her case. Hernandez-Lizarraga was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, she was convicted for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. CR

Dkt. No. 8.  Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 27.  Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Hernandez-Lizarraga with a vehicle to relief.

### C. <u>Gonzalez-Longoria Affords No Relief</u>

Hernandez-Lizarraga makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as defined by 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defined a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in <u>U.S. v. Gonzalez-Longoria,</u> 813 F.3d 225 (5th Cir. 2016).  There, the panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." <u>Gonzalez</u>, 813 F.3d at 235.  Any relief that Hernandez-Lizarraga may have found in that decision was short-lived; the panel opinion was withdrawn and <u>Gonzalez-Longoria</u> is pending consideration  <u>en banc</u>.[3]

"It is well settled that when the Fifth Circuit grants rehearing <u>en banc</u>, the panel opinion is vacated and has no precedential value." <u>Barrow v. Greenville Indep. Sch. Dist.</u>, 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); <u>see also</u> 5th Cir. R. 41.3.  When a court decision is vacated its "ruling and guidance" are "erased." <u>See</u> <u>U.S. v. Windsor</u>, 133 S. Ct. 2675, 2688 (2013); <u>U.S. ex. rel. Marcy v. Rowan Co.</u>, 520 F.3d 384, 389 (5th Cir. 2008).

---

[3] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), <u>reh'g en banc ordered</u>, 815 F.3d 189.

Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the pending Fifth Circuit en banc decision upholds the panel decision of Gonzalez-Longoria, it has no effect in the instant petition, because Hernandez-Lizarraga's sentence was not enhanced for a "crime of violence" under either 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 17, p. 5. In fact, Hernandez-Lizarraga's sentence was not enhanced whatsoever. CR Dkt. No. 20, p. 7. Instead, Hernandez-Lizarraga's sentence was reduced for safety valve and acceptance of responsibility. CR Dkt. No. 28. Accordingly, the analysis in Johnson is not applicable to Hernandez-Lizarraga's case.

Thus, Hernandez-Lizarraga's reliance on Johnson and its progeny is factually and legally misplaced. For those reasons, her claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Cindy Vianney Hernandez-Lizarraga's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a

constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Hernandez-Lizarraga's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Hernandez-Lizarraga's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn,</u> 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 8, 2016.

Ronald G. Morgan
United States Magistrate Judge